■ In the Matter of KWOK T., a Person Alleged to be a Juvenile Delinquent, Appellant.—Orders, Family Court, New York County, entered March 17, 1975, adjudicating appellant a juvenile delinquent, and October 17, 1975, placing him at the State training school, reversed, on the law, without costs and without disbursements, the motion to suppress the physical evidence granted, and the proceeding dismissed. Police officers seeking a certain youth, took from one Wong a number of photographs showing appellant, a member of the group about Wong, holding two firearms.

Whether appellant had standing to object to the search of Wong is of no moment; the picture indicated that appellant was the target of what transpired immediately. He was, he testified, not "terrified" but "scared" at the time, and, as the officer testified, appellant was not free to leave. It would seem that the principles of *Miranda v Arizona* (384 US 436), attached at once. Despite these circumstances, and without a *Miranda* warning, the officer told appellant he wanted the portrayed weapons. Appellant responded, denying possession, but, as the conversation continued, he said that he had another gun in his apartment. As the officer testified further, "I said that we'd go to the apartment because I wanted that gun, and he said yes." On the way, there was further conversation about a second gun, and both were found in his bedroom. No warrant was obtained prior to the search. A motion to suppress the weapons was denied prior to the fact-finding hearing. The search of the apartment resulted, not from one factor, the photograph, but from two: the picture plus appellant's statement as to where the guns might be found. No excuse whatever is apparent for the failure to warn appellant of his rights and, the successful search having been the direct result of the unlawful inquiry, the product of the search should have been suppressed. There was no longer an investigative inquiry; a mere glance at Wong's pictures and the officer had the target of any investigation pinpointed. Nor were there exigent circumstances obviating application for a search warrant. The officer was not alone, and police could easily have been deployed to prevent removal of the contraband. And the search cannot in the described circumstances be excused as consented to. In sum, the seizure of the guns did not result from a lawful search, no matter how examined, and the motion to suppress the guns should have been granted. Concur— Markewich, J. P., Lupiano and Lane, JJ.; Kupferman and Silverman, JJ., dissent and would affirm for the reasons stated by Dembitz, J., at Family Court (81 Misc 2d 911).